# NO. 24-2103

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

NATHANIEL SILVA and PHIL ROTHKUGEL,
individually and on behalf of all others similarly situated,
*Plaintiff-Appellants*,

v.

SCHMIDT BAKING DISTRIBUTION, LLC and
SCHMIDT BAKING COMPANY, INC.,
*Defendant-Appellees*.

On appeal from an order of the United States District Court
for the District of Connecticut, Civil Action No. 3:23-cv-01695

## OPPOSITION TO DEFENDANT-APPELLEES' MOTION TO STAY MANDATE

Harold L. Lichten, Esq.
Matthew Thomson, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com

Attorneys for *Plaintiff-Appellants*

## **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................1

II.    THE STANDARD FOR GRANTING A STAY OF THE MANDATE ........3

III.   NO STAY OF THE MANDATE IS WARRANTED HERE .........................3

  A.  There is No Irreparable Harm Here................................................3

  B.  The Public Interest will not be Affected One Way or Another by the Denial of a Stay ...................................................................................4

IV.   THERE IS NOT A REASONABLE CHANCE, LET ALONE A LIKELIHOOD, THAT THE SUPREME COURT WILL GRANT *CERTIORARI*...................................................................................5

V.    CONCLUSION.......................................................................7

i

## TABLE OF AUTHORITIES

**Cases**

*Amos v. Amazon Logistics, Inc.*,
  74 F.4th 591 (4th Cir. 2023)................................................................6, 7

*Bissonnette v. LePage Bakeries Park St., LLC*,
  601 U.S. 246 (2024) ........................................................................1, 6

*Doe #1 v. Trump*,
  957 F.3d 1050 (9th Cir. 2020)...............................................................3

*Fli-Lo Falcon, LLC v. Amazon.com, Inc.*,
  97 F.4th 1190 (9th Cir. 2024)............................................................6, 7

*Flower Foods, Inc. v. Brock*,
  No. 24-935 (U.S.) .............................................................................1, 6

*Khulumani v. Barclay Nat. Bank Ltd.*,
  509 F.3d 148 (2d Cir. 2007) .................................................................3

*New Prime Inc. v. Oliveira*,
  586 U.S. 105 (2019) ................................................................... 1, 6, 7

*Nken v. Holder*,
  556 U.S. 418 (2009) .............................................................................3

*Shortt v. New Milford Police Dep't*, 212 Conn. 294 A.2d 7 (1989) .........................5

*Silva v. Schmidt Baking Distribution, LLC*,
  162 F.4th 354 n.8 (2d Cir. 2025)...........................................................7

*Southwest Airlines Co. v. Saxon*,
  596 U.S. 450 (2022) ........................................................................1, 6

*State of Fla. v. Dep't of Health & Hum. Servs.*,
  19 F.4th 1271 (11th Cir. 2021)..............................................................3

*Tianti, ex rel. Gluck v. William Raveis Real Estate, Inc.*,
  231 Conn. 690 A.2d 1286 (1995)...........................................................5

**Statutes**

Conn. Gen. Stat. § 31-57h.......................................................................4

## I.    Introduction

Plaintiff-Appellants Nate Silva ad Phil Rothkugel strongly oppose Defendant-Appellees' request to stay the mandate in this case. Further, the Defendant-Appellees fail to meet the requirements for granting a stay since it is not likely that the Supreme Court will grant *certiorari*, given that it has already heard and decided three related issues relating to the section one exemption in the Federal Arbitration Act--- *New Prime Inc. v. Oliveira*, 586 U.S. 105 (2019), *Southwest Airlines Co. v. Saxon*, 596 U.S. 450 (2022) and *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 248 (2024), and it recently granted *certiorari* and will hear arguments in *Flower Foods, Inc. v. Brock*, No. 24-935 (U.S.), — likely in March or April 2026. Since in three of these cases (*New Prime*, *Bissonnette*, and *Brock*), the plaintiffs, like the case here, had been required to incorporate, and since in all of the cases, the plaintiffs have been able to successfully invoke the section one exemption (and in the *Brock* case, the Tenth Circuit likewise ruled for the plaintiff), it seems very unlikely that the Supreme Court would take up the Section 1 exemption for a fifth time in the space of only seven years.

In addition, contrary to Defendants' motion, there is not any split of authority in the Circuit Courts on this issue; rather, the cases Defendants rely upon

1

were not brought by individual workers as the courts made clear in the relevant decisions.

Additionally, the Defendants cannot possibly show that they would suffer irreparable or undue harm if the stay is not granted. Simply, this case has not proceeded beyond the motion to compel arbitration that Defendants filed at the very start of the case. The Parties have not started discovery and have not had the initial conference setting a discovery schedule or the timing of dispositive motions. Literally, in the several months it will take for the Supreme Court to decide whether to grant *certiorari*, the only activity will be an initial conference with the court, a discovery schedule, and some paper discovery, which will be relevant even if the Parties were compelled to arbitration. Such initial discovery is hardly the kind of thing which would constitute irreparable harm.

Finally, the public interest in this matter does not favor any type of stay. This case is about the misclassification of drivers as independent contractors under Connecticut law and the FLSA and both statutes have strong protections against misclassification. There is no real public interest in allowing this large national baking company to further delay this case, which has already had an inordinate delay given the appeal to the Second Circuit.

## II.     The Standard for Granting a Stay of The Mandate

Although Federal Rule of Appellate Procedure 41(d)(1) provides the procedural mechanism for granting a stay of a mandate, courts generally apply the traditional stay factors as articulated by the Supreme Court in *Nken v. Holder*, 556 U.S. 418 (2009);  *see State of Fla. v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1301 (11th Cir. 2021) (applying the *Nken* factors).

Courts will look at whether the moving party has demonstrated irreparable harm, the balance of the equities vis-à-vis the public interest, and the likelihood that certiorari will be granted and result in a reversal. *See Doe #1 v. Trump*, 957 F.3d 1050, 1058-59 (9th Cir. 2020). Even then, the decision to grant a stay is discretionary. *Id.; Khulumani v. Barclay Nat. Bank Ltd.*, 509 F.3d 148, 152 (2d Cir. 2007).

## III.     No Stay of the Mandate is Warranted Here

### A.     There is No Irreparable Harm Here

One of the primary reasons for granting a stay is where the moving party can make a showing of irreparable harm. For example, before a disputed and important federal governmental policy is allowed to go into effect, or is enjoined, a stay may be granted if the moving party shows the real possibility of irreparable harm if no stay is granted. *Doe #1 v Trump*, 957 F.3d at 1058 (denying entry of stay enjoining

3

Trump administration policy of denying entry status to immigrants thought to be a financial burden to the country).

But here there is no overarching policy or program that will be affected by a decision to grant or deny a stay. All that will happen here is the Parties will begin the preliminary stages of this case, which most likely will entail a preliminary scheduling conference, a discovery schedule, and some paper discovery. By that time, any petition for *certiorari* will have been acted upon. So there is no irreparable harm that could possibly be envisioned if a stay is not granted in this case.

B. <u>The Public Interest will not be Affected One Way or Another by the Denial of a Stay</u>

Similarly, to the extent there is any public interest involved in this case, it is that Connecticut has enacted a strong independent contractor classification test, the so-called ABC test, and Connecticut has an interest in seeing that statute enforced.[1] *See Tianti, ex rel. Gluck v. William Raveis Real Estate, Inc.,* 231 Conn. 690, 698, 651 A.2d 1286, 1290 (1995) (adopting ABC employment test to apply to

---

[1] Connecticut has also created a Joint Enforcement Commission on Employee Misclassification, which reviews "the problem of employee misclassification by employers for the purposes of avoiding their obligations under state and federal labor, employment and tax laws," and coordinates prosecution of misclassification violations with the state Attorney General's Office. <u>See</u> Conn. Gen. Stat. § 31-57h.

4

Connecticut wage laws). Whether the Defendants in this case, a large national bakery, are required to litigate these claims in arbitration or in the District of Connecticut, is of little importance to the public, and will have little effect on the public interest.[2] Moreover, as stated above, if somehow the Supreme Court should grant *certiorari* and reverse, thereby sending this case to arbitration, the discovery will have been needed anyway, and there will be ample time to redirect the case to arbitration without impairing the parties' rights. Certainly, this has no effect on the public interest.

**IV.  There is not a Reasonable Chance, Let alone a Likelihood, that the Supreme Court will Grant *Certiorari***

Defendants' sole basis for the request to stay the issuance of a mandate is their argument that they intend to file a longshot petition for *certiorari* with the Supreme Court. As stated in the introduction, in the course of just the last seven years, the Supreme Court has granted *certiorari* on the issue of the scope of the Section 1 FAA exemption in four cases: *New Prime Inc. v. Oliveira*, 586 U.S. 105

---

[2]     The Connecticut Supreme Court has held that Conn. Gen. Stat. § 31-72, Connecticut's wage payment statute that is at issue in this case, is "a remedial statute" for the collection of wages that "provides penalties in order to deter employers from deferring wage payments once they have accrued." *Shortt v. New Milford Police Dep't*, 212 Conn. 294, 309, 562 A.2d 7, 14 (1989). Thus, to the extent any public policy is implicated by this dispute, it would actually advance the public interest to permit Plaintiffs to proceed with prompt enforcement action in court to enforce these public rights.

(2019), *Southwest Airlines Co. v. Saxon*, 596 U.S. 450 (2022) *Bissonnette v. LePage Bakeries Park St., LLC*, 601 U.S. 246, 248 (2024), and *Flower Foods, Inc. v. Brock*, No. 24-935 (U.S.). *Brock* appears to be set for argument in March or April 2026. Although none of those cases involve the precise issue that this Court addressed in this case, all four cases involve the scope of the section one exemption and in three cases---*Brock*, *New Prime*, and *Bissonette*, the drivers all alleged that they were misclassified as independent contractors, and all had contracts of employment, as defined by the Supreme Court. Thus, it seems incredibly unlikely that the Supreme Court would take up yet a fifth case on a related issue, when there is no split in the Circuits. As stated in the introduction, and this Court made clear in its Opinion, the alleged split in the circuits does not exist because in the cases which Defendants cite, *Amos v. Amazon Logistics, Inc.*, 74 F.4th 591, 593, 596 (4th Cir. 2023) and *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1197 (9th Cir. 2024), the plaintiffs were sizeable corporations that hired hundreds of employees, not the actual workers who have filed suit here. And "[b]oth the *Fli-Lo* and *Amos* courts recognized that there may be 'circumstances under which a business entity could qualify for the transportation worker exemption.'" *Silva v. Schmidt Baking Distribution, LLC*, 162 F.4th 354, 363 n.8 (2d Cir. 2025), quoting *Fli-Lo*, 97 F.4th at 1202 (Thomas, J. concurring); *Amos*, 74 F.4th at 597.

6

Accordingly, it seems unlikely the Supreme Court will grant *certiorari* in this case, and even in the unlikely event that it did, it seems unlikely that they will reverse, especially given the fact that in their landmark decision in *New Prime*, the facts are essentially on all fours with the contract at issue in this case. *See Silva v. Schmidt Baking Distribution, LLC*, 162 F.4th 354, 360 (2d Cir. 2025) (observing that the "contract of employment" in New Prime was also "signed by an individual worker on behalf of an entity that he formed at the direction of his employer").

## V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay the Mandate.

**Dated:** January 20, 2026        Respectfully submitted,

     */s/ Harold L. Lichten*
Harold L. Lichten,
Matthew W. Thomson
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com
mthomson@llrlaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 32(a)(7)(B), I hereby certify that this brief contains 1,574 words, excluding the parts of the brief exempted by the Rules, as established by the word count of the computer program used for preparation of this brief.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word 14-point size Times New Roman font.

Dated: January 20, 2026          /s/ Harold L. Lichten
                                       Harold L. Lichten, Esq.
                                       Lichten & Liss-Riordan, P.C.
                                       729 Boylston Street, Suite 2000
                                       Boston, MA 02116
                                       (617) 994-5800
                                       hlicten@llrlaw.com

                                       *Attorney for Plaintiff-Appellants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2026, true and correct copies of the foregoing was served on counsel of record for each of the Defendant-Appellees, via the Court's e-filing system.

Dated: January 20, 2026

/s/ Harold L. Lichten
Harold L. Lichten, Esq.
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
hlichten@llrlaw.com

*Attorney for Plaintiff-Appellants*

9